[Civ. No. 2047.  Second Appellate District, Division Two.—January 21, 1919.]

## AUGUST AUENER, Respondent, v. L. E. NORMAN, Appellant.

MALICIOUS PROSECUTION—MALICE—WANT OF PROBABLE CAUSE—ADVICE OF COUNSEL — CONCEALMENT OF MATERIAL FACT — FINDING SUPPORTED BY EVIDENCE.—Where, in an action for damages for malicious prosecution, the defendant claimed that he had acted on the advice of counsel, but admitted on cross-examination that he had failed to communicate to his attorney a material fact, such failure justified the trial court in inferring actual malice and want of probable cause.

APPEAL from a judgment of the Superior Court of Santa Barbara County.  S. E. Crow, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Lamy & Putnam for Appellant.

A. B. Bigler for Respondent.

THOMAS, J.—This is an action to recover damages for alleged malicious prosecution.  The case was tried by the court without a jury.

It is alleged in the complaint that on or about the twenty-sixth day of June, 1914, within the county of Santa Barbara, said defendant caused a criminal complaint to be filed in the justice's court, charging plaintiff with the crime of forgery, which, according to the allegations of said criminal complaint, was that plaintiff did "willfully, unlawfully, feloniously and fraudulently make and forge a certain telegram or telegraphic message," which "message" purports to have been signed by L. E. Norman, the defendant herein, and delivered to the Western Union Telegraph Company for transmission; that the same was uttered, published, passed and sent by said company accordingly; all this with intent to prejudice, damage, and defraud the defendant herein, the complainant in that action; and further, that this was done by the defendant here with malice, and without probable cause.  That because of plaintiff's being arrested and imprisoned, and of the shock and

nervous strain produced thereby, and the fact that the alleged facts and circumstances of said arrest and imprisonment had been published in certain newspapers and circulated accordingly, plaintiff's health and physical condition have been greatly impaired. Then follows a prayer for damages, actual and exemplary, and for attorney's fees.

The defendant, by his answer, admits the filing of the criminal complaint as aforesaid, the issuing of the warrant of arrest, the preliminary examination and the dismissal of the proceeding; but denies that these things, or any of them, were done, or caused to be done, by him with malice, and without probable cause, and relies upon the following propositions as a complete defense here: (1) That he acted upon probable cause; (2) without malice, and (3) upon advice of an attorney.

The court found for the plaintiff, and assessed his actual damages at five hundred dollars, and held that he was not entitled to any exemplary damages. Judgment was entered accordingly. There was a motion for a new trial, which was denied. This appeal is taken from both the judgment and said order.

The seventh, eighth, ninth, and twelfth findings of the trial court are challenged as not supported by the evidence. Finding No. 7 finds that the facts alleged were done maliciously, etc.; No. 8, that these were done without probable cause; No. 9, that plaintiff had been, and is now, paralyzed on the left side, etc., and that because of the actions of defendant, as aforesaid, plaintiff had ''and does now suffer increased and greater physical pain and mental anguish, and as a result of said arrest and imprisonment plaintiff's health and physical condition have been greatly impaired''; and No. 12 is a finding that defendant did consult an attorney, who, after hearing defendant's statement of the case, advised him that there was probable cause to believe the plaintiff guilty of forgery; and finding further ''that when defendant communicated with said J. F. Conkey (the attorney consulted by him) he did *not* state all the facts bearing on the case, of which he had knowledge, fairly or truthfully.''

We have carefully examined the testimony as disclosed in the transcript. There was evidence on behalf of plaintiff showing that defendant had given plaintiff authority to use his name in ordering goods. This was denied by defendant.

Defendant says that he told his attorney all he knew about the case. His language is: "I disclosed to him (Conkey) fairly and truthfully all the facts that were within my knowledge concerning the matter of the charge against Mr. Auener at that time, and before the filing of the criminal complaint." On cross-examination, however, defendant testified that he didn't remember telling his attorney "about signing for the express coming in my name, nor that I had gotten millinery out of parcels post at the postoffice addressed to me." This was a material fact, and appellant's failure to communicate it to his attorney justified the trial court in inferring actual malice and want of probable cause. There is other corroborative evidence. No other points raised need our consideration. We think, from an examination of the record presented to us, that there is ample evidence to support all of the findings here challenged.

The court having resolved the conflict in the evidence in favor of the plaintiff, it follows, as a matter of law, we think, that malice was present, and that defendant acted without probable cause.

The judgment and the order appealed from must be affirmed. It is so ordered.

Finlayson, P. J., and Sloane, J., concurred.